FLORENCE REYNOLDS v. THE STATE.

No. 5631. Decided December 17, 1919.

**1.—Murder—Circumstantial Evidence—Charge of Court.**

Where, upon trial of murder, the court's charge on circumstantial evidence was negative in form as applied to the facts in the instant case and failed to instruct the jury that the facts must show defendant's guilt and be inconsistent with any other theory than that of guilt, the same was reversible error; the evidence strongly pointing to the conclusion that the death of the deceased was accidental and not brought about by the accused.

**2.—Same—Misconduct of Jury—Discussing Fact Outside of Record.**

Where, upon trial of murder, the jury after their retirement discussed the fact that defendant did not testify, and that she had been previously convicted and alloted twenty years in the penitentiary, etc., these facts not being before the jury, and the fact that defendant did not testify, was reversible error.

Appeal from the District Court of Lubbock. Tried below before the Hon. W. R. Spencer, judge.

Appeal from a conviction of murder; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Reeder & Reeder, V. L. Shurtleff,* and *W. H. Bledsoe,* for appellant.—On question of charge of court on circumstantial evidence: Jones v. State, 34 Texas Crim. App., 490; Wheeler v. State, 61 id., 527; Murphy v. State, 36 id., 24.

On question of misconduct of jury: Mizell v. State, 81 Texas Crim. Rep., 241, 197 S. W. Rep., 300; Boozer v. State, 82 Texas Crim. Rep., 72, 198 S. W. Rep., 295; Stone v. State, 79 Texas Crim. Rep., 219, 184 S. W. Rep., 193.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—On question of misconduct of jury: Coffman v. State, 3 Texas Crim. Rep., 295, 165 S. W. Rep., 939; Probest v. State, 60 Texas Crim. Rep., 608; Espinoza v. State, 73 Texas Crim. Rep., 237, 165 S. W. Rep., 208; Cooper v. State, 72 Texas Crim. Rep., 250, 162 S. W. Rep., 364; Rhodes v. State, 69 Texas Crim. Rep., 45, 153 S. W. Rep., 128; Powers v. State, 69 Texas Crim. Rep., 494, 154 S. W. Rep., 1020.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of murder and given five years in the penitentiary.

This is the second appeal, the first being found reported in 82 Texas, Crim. Rep., 443. The difference between the cases mainly, so far as the facts are concerned, is the fact that appellant did not take the stand as a witness in this case. The former opinion shows under what circumstances and why she testified in that case. It was made an assignment of error in that case, which was sustained by this court eliminating her testimony for the reasons stated in the former opinion.

Exception was reserved by appellant to the charge on circumstantial evidence. The charge in this respect instructed the jury that each fact necessary to the conclusion sought to be established must be proved by competent evidence beyond a reasonable doubt by facts; that is, the necessary facts to the conclusion must be consistent with each other and with the main fact sought to be proved, and the circumstances taken together must be of a conclusive nature leading on the whole to a satisfactory conclusion and producing in fact a reasonable and moral certainty that the accused and no other person committed the offense charged. This charge is negative in form, as applied to the facts of this case, and fails to instruct the jury that these facts must show the defendant's guilt and be inconsistent with any other theory than that of guilt. The evidence strongly points to the conclusion that the death of deceased was accidental and not brought about by the accused. In fact, this was a pivotal point in the case so far as the facts were concerned. If the killing was accidental, as the facts strongly indicate, then the jury should have been informed that the circumstances must show, under the rule of law applicable to circumstantial evidence, that appellant was guilty of the homicide; this, especially in view of the fact that the evidence strongly pointed to an accidental killing, and this accidental killing not by the deceased but from the falling of a gun with which she had nothing

to do at the time that it fell and was discharged. Upon another trial we are of opinion that the charge on circumstantial evidence should instruct the jury that the facts must show her guilt, and must be inconsistent with any other conclusion than that of her guilt, and also that the court should charge on accidental homicide.

Misconduct of the jury is urged for reversal. This proposition is well taken. The jury after their retirement discussed the fact that appellant did not testify. They also discussed the fact that she had been previously convicted and allotted twenty years in the penitentiary, and that on another trial there was a hung jury. These facts were not before the jury but were discussed by them in their retirement. The fact that appellant did not testify, of course, was known to the jury, because she did not take the witness stand. They discussed her failure to testify on more than one occasion during their retirement, and argument was used by some of those in favor of guilt on those who were opposed to it to change their verdict to that of guilt. One or more of the jurors went sufficiently far to state that it would have been better for her if she had told a lie about it than not to have taken the witness stand. This was such a clear evasion of the statute and a violation of its terms that the motion for new trial ought to have been granted. It would be difficult to imagine a case where a violation of this statute was of a more hurtful nature. They not only discussed the fact that appellant did not testify, but said it would be better for her if she had taken the witness stand and told any sort of story, even a falsehood, than for her to refrain from testifying. We deem it unnecessary to cite authorities on a proposition so clear and plain.

For the reasons indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*